UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

STANLEY J. GERNAAT and          )
KATHLEEN M. GERNAAT,            )
                                )
          Plaintiffs,           )
                                )
          v.                    )    Case No. 2:07 CV 83
                                )
FOUR STAR TAXI, INC., JOHN A.   )
FLACK and DEBRA L. FLACK d/b/a  )
FOUR STAR TAXI and MICHAEL L.   )
LEE,                            )
                                )
          Defendants.           )

OPINION AND ORDER

This matter is before the court on the Motion to Extend Discovery Deadline filed by the defendants, Four Star Taxi, John A. Flack, Debra L. Flack d/b/a Four Star Taxi, and Michael L. Lee, on January 31, 2008, (DE 15) and the Motion for Telephonic Status Conference filed by the defendants on February 14, 2008. (DE 19) For the reasons set forth below, both motions are **DENIED**.

Background

On July 27, 2007, this court established a set of deadlines that included the disclosure of the plaintiffs' expert witnesses by November 1, 2007, the disclosure of the defendants' expert witnesses by December 3, 2007, and the close of discovery on January 31, 2008.

Less than 30 days before the close of discovery, a series of depositions were scheduled which the parties were required to reschedule. From the briefs, it appears that the parties agree on conducting a limited number of depositions beyond the close of discovery established by the court.

Beyond this, the defendants also seek generally to reopen discovery, noting that there are details of the plaintiff's medical condition that the defendants were not aware of because they "had been operating under the presumption, based upon certain records (incomplete) previously provided by plaintiffs' attorney that" the plaintiff no longer was being treated. (Defendants' Reply p. 3) The record, however, also indicates that in October and December 2007 and January 2008, the defendants were urged to respond to discovery requests and told that the plaintiff's "health has continued to worsen from accident-related sequelae." (Plaintiffs' Resp. Exhibit 1)

<u>Discussion</u>

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave" of the court. *See also* Local Rule 16.1(i); *Campania Management Company, Inc. v. Rooks, Pitts & Proust*, 290 F.3d 843, 851 (7th Cir. 2002); *United States v. 1948 South Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001). Good cause is not established by reference to whether the opposing party will be prejudiced or by the ability of a trial date to accommodate the altered schedule. *See 1948 South Martin Luther King Drive*, 270 F.3d at 1110; *Amcast Industries v. Detrex Corporation*, 132 F.R.D. 213, 218 (N.D. Ind. 1990). Rather, a party demonstrates sufficient good cause to alter the discovery deadlines established by a pretrial scheduling order when it shows that, "despite their diligence, the established timetable could

2

not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). In addition, discovery requests served less than the 30 days provided by the Federal Rules within which to respond are made at the risk of non-compliance before the end of the discovery period. *See e.g. Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.*, 2007 WL 2746654 at *3 (N.D. Ill. Sept. 18, 2007)("Given the fact that the ADC parties had 30 days to respond, the request was an obvious violation of Local Rule 16.1"); **Finawall v. City of Chicago**, 239 F.R.D. 494, 498-99 (N.D. Ill. 2006)("[A] deadline for discovery means that discovery must be *completed by that date*") (emphasis in original).

The defendants' motion has failed to establish good cause or that an extension is required despite their diligence. The defendants do not point to any medical record in support of their contention that the plaintiff's treatment had ceased. While the parties remain free to attempt to schedule limited depositions, no basis has been provided for reopening discovery generally. Accordingly, the motion (DE 15) is **DENIED.** The motion for a telephonic status conference (DE 19) is **DENIED AS MOOT.**

———————

For the foregoing reasons, the Motion to Extend Discovery Deadline filed by the defendants, Four Star Taxi, John A. Flack, Debra L. Flack d/b/a Four Star Taxi, and Michael L. Lee, on January 31, 2008, (DE 15) and the Motion for Telephonic Status Conference filed by the defendants on February 14, 2008, (DE 19) are **DENIED.**

ENTERED this 24th day of March, 2008


                            s/Andrew P. Rodovich
                              United States Magistrate Judge