United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| STANLEY J. GERNAAT and <br> KATHLEEN M. GERNAAT, <br>           Plaintiffs, <br>           v. <br> FOUR STAR TAXI, INC., JOHN A. <br> FLACK and DEBRA L. FLACK d/b/a <br> FOUR STAR TAXI and MICHAEL L. LEE, <br>           Defendants. | Civil Action No.: 2:07-CV-83 JVB |

**MEMORANDUM AND ORDER**

Stanley and Kathleen Gernaat sued Four Star Taxi, Inc., John A Flack and Debra L. Flack, and Michael Lee for personal injury to Mr. Gernaat and Mrs. Gernaat's claim for loss of consortium. On January 8, 2009, the Court entered judgement as a matter of law against the Plaintiffs and in favor of the Flacks on all issues and in favor of Plaintiffs on the issue of Defendant Four Star Taxi's common carrier liability. The jury returned a verdict for Plaintiff Stanley Gernaat against Defendants Four Star Taxi, Inc., and Michael L. Lee in the amount of $50,000, but in favor of the Defendants on Kathleen Gernaat's claims.

On January 21, 2009, Plaintiff moved for costs in the amount of $6,010.36. Defendant Four Star Taxi, Inc. has objected to some of the costs, in the amount of $4,105.

**A. Legal Standard**

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Although Rule

54(d) creates a presumption that the prevailing party will be awarded these costs, the decision to make the award is in the sound discretion of the district court. *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1437 (7th Cir.1993); *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993). The presumption is difficult to overcome, and a district court's discretion is narrowly confined. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988). Rule 54(d) establishes a principle of preference—a district court must award costs unless it states good reasons for denying them. *Id*. (citing *Coyne-Delany, Inc. v. Capital Dev. Bd.*, 717 F.2d 385, 392 (7th Cir.1983)). Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings) or the losing party's inability to pay will justify denying costs. *Id.* (citing cases). Unless the losing party affirmatively shows that the prevailing party is not entitled to costs, a district court must award them, "as of course." *Id.* Nonetheless, before it can award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation. *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998).

Under 28 U.S.C. § 1920, the costs that a federal court may tax include fees of the clerk and marshal; court reporters' fees "for all or any part of the stenographic transcript necessarily obtained for use in the case"; fees for printing and witnesses; fees for copies of papers necessarily obtained for use in the case; and docket fees under 28 U.S.C. § 1923.

B.  Discussion

Defendant argues that Plaintiffs are not the prevailing parties with respect to the

depositions transcripts of John Flack and Kathleen Gernaat. The Court overrules this objection. As Plaintiffs have pointed out, Mr. Flack testified as the president of Four Star Taxi, Inc., a defendant against whom Stanley Gernaat did prevail. Moreover, Kathleen Gernaat's testimony was not limited to her own claim; she was the chief witness on her husband's economic loss. Costs for these depositions are allowed.

Defendant next objects to the fact that Plaintiff has included both the costs of the video transcripts of the depositions of its four experts and transcripts of those depositions. The Court determines that the video recordings and the deposition transcripts were both reasonably necessary in this case: the video depositions to effectively present the evidence to the jury and the transcripts to accurately quote key testimony in closing argument.

The Court also overrules Defendants' objections to the allowance of costs for transcripts of defense counsel's opening statement, Michael Lee's deposition, and the discovery depositions of the Plaintiff's four experts. The Court also finds these reasonably necessary for use in trial preparation. Accordingly, Defendants' objection to allowance of these items as costs are also overruled.

Finally, the Court overrules Defendants' objection to the allowance of $490 for the editing of the video trial depositions of two of the expert witnesses, claiming that the editing was unnecessary and the charges unreasonable, but failing to support these assertions in any way. The cost for editing is allowed.

## C.  Conclusion

For the foregoing reasons, Defendants' objections to Plaintiff's Bill of Costs are

OVERRULED.

SO ORDERED on August 25, 2009

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge